**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-25236-GAYLES**

**JOSE LUIS DONAYRE FLORES,**

**Petitioner**,

v.

**MIAMI FEDERAL DETENTION CENTER, *Warden***,

**Respondent.**
_______________________________________ /

**ORDER TO SHOW CAUSE**

**THIS CAUSE** comes before the Court on Petitioner Jose Luis Donayre Flores's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [ECF No. 1]. Petitioner challenges his continued detention by U.S. Immigration and Customs Enforcement (ICE) at Miami Federal Detention Center, arguing that the bond hearing he received after the Middle District of Florida granted his earlier habeas petition was constitutionally inadequate. *See* [ECF No. 1-1 at 1]. Specifically, Petitioner argues the Middle District's Order put the burden of proof on Respondent but that the Immigration Judge violated that order by requiring Petitioner to prove he is neither a danger to the community nor a flight risk. *See id.* at 2.

When "entertaining an application for a writ of habeas corpus," a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Within **<u>five days of the date of this Order</u>**, Respondent shall file a memorandum of fact and law that addresses:

    a. Which party bears the burden of proof in an immigration bond hearing, including whether the Immigration Judge was required to comply with the Middle District's explicitly delineated burden of proof instead of applying the default burden found in federal regulations. *See* 8 CFR §§ 236.1(c)(8) (requiring noncitizen to show his "release would not pose a danger to property or persons" and he "is likely to appear for any future proceeding"); *id.* § 1236.1(c)(8); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings."); *In re Adeniji*, 22 I. & N. Dec. 1102, 1113 (B.I.A. 1999). *But see Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (putting the burden on the government).

    b. Whether the allegation that Respondent violated the Middle District's Order, or the implicit request in the Petition to enforce that Order, should be heard by the Middle District judge who issued the Order instead of by this Court. *See United States v. Mims*, 167 F.4th 1340, 1346 (11th Cir. 2026) ("[D]istrict courts have ancillary jurisdiction to enforce their own judgments."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (explaining that ancillary jurisdiction enables a court to "function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees").

    c. Why the Petition should not be granted.

2. Along with his Response, Respondent shall file all documents and transcripts necessary for the resolution of the Petition.

3. Respondent shall serve his response and any accompanying documents on Petitioner.

4. Petitioner may, but is not required to, file a reply **within five days from the date of Respondent's Response**.

5. To preserve the status quo and the Court's jurisdiction, Respondent shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) (granting "temporary injunctive relief" against removal to preserve the court's jurisdiction while adjudicating the merits of the case).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of August, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:

**Jose Luis Donayre Flores**
A# 246380099
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Benjamin Sardinas**
US Attorney's Office
Email: Benjamin.Sardinas@usdoj.gov