UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS DONAYRE FLORES,

Petitioner,

v. Case No.: 2:26-cv-2612-SPC-KRH

WARDEN, MIAMI FEDERAL DETENTION CENTER FDC,

Respondent.
_____________________________________/

## OPINION AND ORDER

Before the Court are Jose Luis Donayre Flores's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Donayre Flores's reply (Doc. 7).

Donayre Flores is a noncitizen in immigration detention. On May 5, 2026, Senior U.S. District Judge John E. Steele granted his first habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court will thus order Respondents to either release Donayre-Flores or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing **where the government must show that he is a flight risk or danger to the community**. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Donayre-Flores's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

> The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Donayre-Flores to mandatory detention under § 1225(b)(1) is unlawful. If Respondents are unable to ensure that Donayre-Flores timely receives the meaningful bond hearing to which he is entitled under § 1226(a), they must release him.

(M.D. Fla. Case No. 2:26-cv-1283-JES-KRH, Doc. 10) (emphasis added). Immigration Judge Liviu Lungu conducted a bond hearing on May 7, 2026, and denied bond because "the respondent has failed to meet his burden of proof that he is not a danger to the community or a flight risk." (Doc. 1-2 at 11).

Donayre Flores is currently detained at the Miami Federal Detention Center. He filed a second habeas action in the Southern District of Florida, arguing the bond hearing did not comply with Judge Steele's order. Judge Darrin Gayles ordered the respondent to file a memorandum answering three questions: (1) "[w]hich party bears the burden of proof in an immigration bond hearing, including whether the Immigration Judge was required to comply with the Middle District's explicitly delineated burden of proof instead of applying the default burden found in 2 federal regulations"; (2) "[w]hether the allegation that Respondent violated the Middle District's Order, or the implicit request in the Petition to enforce that Order, should be heard by the Middle District judge who issued the Order instead of by this Court"; and (3) "[w]hy the Petition should not be granted." (Doc. 5 at 2). The respondent did not

address the first two questions and instead filed a one-page response arguing the petition should be dismissed as duplicative.

Judge Gayles determined this Court is in the best position to determine whether the government complied with Judge Steele's order and transferred the case here in the interest of justice. After careful review of the record, the Court finds that the May 7, 2026 bond hearing failed to comply with Judge Steele's order because Judge Lungu put the burden of proof on Donayre Flores. Because Donayre Flores did not receive a bond hearing that complied with Judge Steele's habeas order, he is entitled to the alternative relief—release from custody.

Accordingly, it is

**ORDERED**:

Donayre Flores's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

1. The respondents shall release Donayre Flores within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk shall terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record